IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV393-MU-02

KEVIN DARNELL THOMAS,      )
    Plaintiff,            )
                       )
      v.                 )
                       )
K. ALLRED, Officer of the)
  Charlotte-Mecklenburg  )
  Police Department;     )
L. RICHARDSON, Officer of)          **O R D E R**
  the Charlotte-Mecklen- )
  burg Police Department;)
and                       )
THE CHARLOTTE MECKLEN-    )
  BURG POLICE DEPARTMENT,)
    Defendants.          )
_____)

THIS MATTER comes before the Court on initial review of the plaintiff's purported civil rights Complaint under 42 U.S.C. §1983, filed September 19, 2007.  For the reasons stated in this Court's Order of September 13, 2007 in case 3:07CV375-3-MU, and for the further reasons stated herein, the instant action also will be dismissed in its entirety.

By way of background, the Court notes that this is the second lawsuit which the plaintiff has brought in this District concerning the same set of operative facts.  Indeed, in his first case, Thomas v. Allred, et al., 3:08CV375-MU-1, the plaintiff essentially alleged that he had been subjected to excessive force by defendants Allred and Robinson while he was in their custody

Dockets.Justia.com

following an arrest.

However, by Order filed September 13, 2007, the undersigned dismissed that action upon initial review because it was determined that the plaintiff's failure to allege that he had suffered any injury from the defendants' conduct constituted a failure to state a claim upon which relief could be granted.  See Ingraham v. Wright, 430 U.S. 651, 674 (1977) (noting that there is a "de minimis level of imposition with which the Constitution is not concerned,"); Norman v. Taylor, 25 F.3d 1259, 1262-63 (4th Cir. 1994) (absent extraordinary circumstances, no Eighth Amendment claim exists where injury sustained by plaintiff is de minimis); and Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997) (extending Norman to excessive force claims by pre-trial detainees).

Undaunted, the plaintiff has returned to this Court with the instant Complaint by which he names the same defendants as were named in his first Complaint.  Equally critically, this second action seeks to raise the identical claims which were raised in the first action.  To be sure, the plaintiff did not even bother to re-write his allegations, but merely directed the Court to "please refer to attached sheets on 3:07CV375-3-Mu."  Suffice it to say, the plaintiff cannot proceed with this second Complaint.

Rather, the doctrine of res judicata provides that "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action."  Young-Henderson v.

2

Spartanburg Area Mental Health Ctr., 945 F.2d 770, 773 (4th Cir. 1991), citing, Montana v. United States, 440 U.S. 147, 153 (1979).  See also Migra v. Warren City School Dist. Bd. Of Educ., 465 U.S. 74, 84-85 (1984) (noting that the rules of res judicata apply equally to §1983 cases); and Wiggins v. Murphy, 576 F.2d 572 (4th Cir. 1978), cert denied, 439 U.S. 1091 (1979) (approving the district court's consideration of affirmative defenses sua sponte).

As has been indicated, the plaintiff previously raised claims of excessive force in an earlier civil rights action against the same defendants as have been named here.  That first action was dismissed on the merits, for the plaintiff's failure to state a claim upon which relief could have been granted.  The doctrine of res judicata stands as an absolute bar to the instant action; consequently, this second Complaint must be **DISMISSED.**

**NOW, THEREFORE, IT IS ORDERED** that this second Complaint is **DISMISSED.**  See 28 U.S.C. §1915A(b)(1).

**SO ORDERED.**

Signed: September 20, 2007

Graham C. Mullen
United States District Judge

3